PHELPS *v.* YOUNGER, Administrator.

*A.* and *B.* having mutual accounts between them, *B.* died, and *C.* was appointed his administrator. *C.*, afterwards, as administrator, executed to *A.* a note payable out of *B.'s* estate. *Held*, that the note was *prima facie* evidence of a settlement of the mutual accounts, and of the amount found due on the settlement.

To impeach a note founded upon the settlement of mutual accounts, it is necessary to show some mistake or fraud in the settlement.

ERROR to the *Lawrence* Circuit Court.

ROACHE, J.—*Phelps* sued *Younger*, as administrator *de bonis non* of *Robert Woody*, deceased, before a justice, and recovered a judgment. The following was the cause of action filed:

"Due *Alpheus Phelps*, from the estate of *Robert Woody*,

deceased, seventy-nine dollars and eighty-eight cents.
June 23, 1843.   L. *Woody*, Administrator of estate of *R.*
*Woody.*"

In the Circuit Court, the defendant filed several pleas,
and gave notice of set-off.   There was a trial by the
Court, and judgment for the defendant.   The evidence is
set out in a bill of exceptions.

The testimony shows, that for some time previous to
the death of *Robert Woody*, there was a mutual dealing
between him and the plaintiff, which it does not appear
was settled prior to the decease of the said *Robert*.   It
was also proved, that at the sale of the decedent's effects,
the plaintiff became a purchaser, but to what amount
was not precisely fixed by the evidence, but exceeding
100 dollars.   On the same day of the sale, the plaintiff
gave the administrator a receipt, in general terms, for 117
dollars and 18 cents, and that was most probably what
his purchases amounted to.   The exact sum, however, is
not material in the view we take of the case.   This was
the last item of account proved.   The note on which suit
is brought was executed ten months afterwards.   There
was no evidence showing that the note was given for any
specific indebtedness.

It was *prima facie* evidence of a settlement of the mu-
tual account up to its date, and that the amount specified
in it was found due on such settlement.

Proof of a running, unliquidated account, consisting
of a variety of items, all anterior to the date of the note,
does not tend to show that the note was erroneously given,
or that it had been paid; but rather tends to support it
as showing the consideration on which it was founded—a
balance found due on the adjustment of the unliquidated
account.

To impeach a note founded on such a consideration, it
is necessary to show some mistake or fraud in the settle-
ment.   As there was no evidence of either in this case,
the finding and judgment of the Court below were erro-
neous.

Nov. Term,
1853.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. G. Dunn,* for the plaintiff.

